IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUTHENTICOM, INC.,

                Plaintiff,

  v.                                                              ORDER

CDK GLOBAL, LLC and                                 17-cv-318-jdp
THE REYNOLDS AND REYNOLDS COMPANY,

                Defendants.

---

Plaintiff Authenticom, Inc. is suing defendants CDK Global, LLC and The Reynolds and Reynolds Company for antitrust violations related to defendants' agreement to deny third parties access to information from defendants' data management systems for car dealerships. Defendants have filed a motion for a partial stay of discovery, Dkt. 231, which is ready for review.

The impetus for defendants' motion is a pending motion before the Judicial Panel on Multidistrict Litigation to consolidate this case with several other similar cases against defendants. Defendants say that, without a stay, they will have to engage in burdensome discovery multiple times in the event that the panel grants the motion to consolidate. For the reasons explained below, the court will grant defendants' motion.

ANALYSIS

Defendants seek the following relief in their motion: (1) a stay on taking depositions; (2) a stay on discovery related to electronically-stored information; and (3) an extension on deadlines for preparing expert reports and filing dispositive motions. Defendants' basic argument is that plaintiffs are seeking a wide array of burdensome and expensive discovery,

including 23 depositions and 170 document requests; if the Judicial Panel on Multidistrict Litigation grants the pending motion to consolidate, that would allow discovery to be consolidated as well; if depositions and discovery related to electronically stored information are not stayed pending the panel's decision, defendants will be forced to duplicate efforts that could be combined after the cases are consolidated.

The motion to consolidate is scheduled for oral argument on January 25, 2018. Both sides are supporting consolidation and both sides agree that a decision on the motion is likely to be released within a few weeks of the argument.

The court is persuaded that a stay is appropriate until the panel decides whether to consolidate the actions. It is beyond dispute that the decision on the motion to consolidate could have a significant effect on the proceedings, both as to scheduling and coordinating discovery. It is also beyond dispute that allowing discovery to proceed in this case before the panel makes its decision could lead to a significant waste of resources. The point of multidistrict litigation is to increase efficiency and minimize duplicative efforts, so it makes little sense to engage in wide-ranging discovery for only one case just before the panel makes a decision that could streamline the proceedings.

Authenticom says that a stay is not needed because "[t]he transferee judge would have tools at his disposal to avoid needless duplication," Dkt. 237, at 12, but Authenticom does not identify a way that defendants could avoid repeating much of the same discovery that Authenticom is requesting now. The examples Authenticom cites involve stipulations among the parties to coordinate discovery or use evidence in more than one case, but Authenticom does not suggest that any such stipulations exist in this case and it is implausible to suggest

that any other parties would agree after the fact to rely on depositions that they had no part in taking.

The court is sensitive to Authenticom's desire to resolve its claims as quickly as possible to minimize financial harm, but the court must balance that desire with the interests of all the other parties involved as well as the interest of promoting judicial economy. Once the panel decides whether to consolidate the cases, Authenticom may request a lift of the stay to get the case back on track.

Along the same lines, the court will stay a decision on defendants' motion to dismiss pending a decision on the motion to consolidate. Because any ruling on the merits of the case could have implications for the other cases, it makes sense to reserve a ruling until the panel decides how to proceed.

ORDER

IT IS ORDERED that:

1. The motion for a partial stay filed by defendants CDK Global, LLC and The Reynolds and Reynolds Company, Dkt. 231, is GRANTED.

2. Depositions, discovery related to electronically-stored information, and all court deadlines are STAYED until the Judicial Panel on Multidistrict Litigation resolves the pending motion to consolidate this case with several other similar cases.

Entered January 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge