UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DEALER MANAGEMENT SYSTEMS
ANTITRUST LITIGATION                                                        MDL No. 2817

TRANSFER ORDER

**Before the Panel:** Defendants CDK Global, LLC, and CDK Global, Inc. (collectively CDK), The Reynolds and Reynolds Company (Reynolds), and Computerized Vehicle Registration (CVR) move to centralize five actions in the Northern District of Illinois. The actions are pending in the Central District of California (*MVSC*), the Northern District of Illinois (*Hartley Buick*), the Southern District of Mississippi (*O'Neil*), the District of New Jersey (*Teterboro Automall*), and the Western District of Wisconsin (*Authenticom*), as listed on the attached Schedule A. The Panel has been informed of four additional federal actions involving related issues.[1]

Responding plaintiffs largely support centralization, but disagree on an appropriate transferee district. Plaintiff in *Hartley Buick* supports centralization in the Northern District of Illinois or the Western District of Wisconsin. Plaintiff in the *Hoover Automotive* tag-along action pending in the Western District of Wisconsin supports centralization in the Western District of Wisconsin. Plaintiffs in two actions – *Authenticom* and the *Cox Automotive* tag-along also pending in the Western District of Wisconsin – support centralization, but only in the Western District of Wisconsin. Plaintiff in *MVSC* opposes inclusion of its action in the proposed MDL, but, in the alternative, supports centralization in the Western District of Wisconsin. Plaintiffs in *Teterboro Automall* and a potential tag-along action also pending in the District of New Jersey support centralization in the District of New Jersey.[2]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] In their brief to the Panel, these plaintiffs indicated that they opposed centralization, on the grounds that alternatives to formal centralization were practicable. *See Teterboro Automall* Pls.' Mem. in Response to Defs.' Mot. for Transfer, at 9 (J.P.M.L. Dec. 4, 2017) (ECF No. 36) ("Informal coordination is practicable because of the limited number of counsel involved in the Related Cases . . . ."). At oral argument, however, counsel stated that the New Jersey plaintiffs supported centralization.

litigation. The actions share factual issues arising from allegations that defendants CDK and Reynolds illegally (1) used their purported dominance in the Dealer Management System (DMS)[3] marketplace to force motor vehicle dealerships to enter into long-term DMS contracts at artificially inflated prices, (2) blocked data integrators[4] (such as plaintiff in *Authenticom*) from accessing dealer data, (3) tied the provision of data integration services to the supply of DMS, and (4) used their control of data integration services to impose exclusive dealing restrictions on vendors (*e.g.*, prohibiting vendors from using other data integration providers, and charging vendors inflated prices for data integration). Centralization would eliminate the possibility of duplicative discovery, avoid the potential for inconsistent pretrial rulings on class certification and other pretrial matters, serve the convenience of the parties and witnesses, and conserve party and judicial resources.

We deny the *Authenticom* and *MVSC* plaintiffs' requests to exclude their actions from the MDL.[5] Although *Authenticom* is somewhat more advanced than the other actions, significant pretrial proceedings, including fact depositions and expert discovery, remain to be conducted.[6] And, while the focus of *MVSC* arguably may be somewhat narrower than that of the other actions, the factual overlap is undeniable.[7] Indeed, although opposing inclusion of its action in the MDL in the first instance, the *MVSC* plaintiff – which shares counsel with the *Authenticom* plaintiff[8] – alternatively advocates centralization in the Western District of Wisconsin, even though its suit is the first-filed action and was brought in the Central District of California.

We select the Northern District of Illinois as transferee district. The district is a central, readily accessible venue for all parties. CDK is headquartered in the district, and relevant documents and witnesses thus will be found there. Further, centralization in the Northern District of Illinois

---

[3] A DMS is the software and hardware system that manages numerous functions of a motor vehicle dealership and that the dealership uses to enter data concerning inventory, buyers, financing, etc.

[4] A data integrator extracts raw data from a dealership's DMS and transforms it into data appropriate for use by the various vendors that provide services to the dealership – services such as inventory management, customer relations management, and electronic vehicle registration and titling.

[5] Whether *Cox Automotive* should be included in the MDL will be addressed through our conditional transfer order process. *See* Panel Rule 7.1.

[6] On January 12, 2018, the Western District of Wisconsin court stayed depositions, discovery related to electronically-stored information, and all court deadlines pending the Panel's decision on centralization.

[7] *See, e.g., MVSC* Second Am. Compl. ¶¶ 13, 133-48.

[8] Plaintiffs in *Cox Automotive* also are represented by this same counsel.

enables us to assign the litigation to Judge Amy J. St Eve, an able and experienced jurist who has skillfully handled a number of other MDLs. We are confident that the judge will steer this litigation on a prudent course.

    IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Amy J. St. Eve for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan           Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry

**IN RE: DEALER MANAGEMENT SYSTEMS
ANTITRUST LITIGATION**                                    MDL No. 2817

## SCHEDULE A

Central District of California

MOTOR VEHICLE SOFTWARE CORPORATION v. CDK GLOBAL, INC., ET AL.,
    C.A. No. 2:17-00896

Northern District of Illinois

HARTLEY BUICK GMC TRUCK, INC. v. CDK GLOBAL, LLC, ET AL.,
    C.A. No. 1:17-07827

Southern District of Mississippi

JOHN O'NEIL JOHNSON TOYOTA, LLC v. CDK GLOBAL, LLC,
    C.A. No. 3:17-00888

District of New Jersey

TETERBORO AUTOMALL, INC. v. CDK GLOBAL, LLC, ET AL.,
    C.A. No. 2:17-08714

Western District of Wisconsin

AUTHENTICOM, INC. v. CDK GLOBAL, LLC, ET AL., C.A. No. 3:17-00318